IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


LARRY EALY,

               Petitioner,     :     Case No. 3:14-cv-057

   - vs -                                District Judge Walter Herbert Rice
                                            Magistrate Judge Michael R. Merz
SHERIFF PHIL PLUMMER, et al.,

                                    :

               Respondents.


## REPORT AND RECOMMENDATIONS


This habeas corpus case under 28 U.S.C. § 2254 was transferred to this Court from the United States District Court for the Eastern District of New York at Brooklyn on February 20, 2014. The case was filed in that court on June 10, 2013, but apparently the court never conducted the initial review required by Rule 4 of the Rules Governing Habeas Corpus Proceedings. Rule 4 provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Petition herein should be dismissed because Ealy has not exhausted available state court remedies. The records of the Dayton Municipal Court show that Ealy's probation in case No. 2012-CRB-005016 was revoked on April 5, 2013, and he was sentenced to serve eighty-eight days confinement. Ealy appealed to the Montgomery County Court of Appeals where the case was assigned Case No.   The most recent entry on the docket of the court of appeals shows that the appellee's brief in that case is due to be filed today, February 21, 2014. No decision on

1

the merits has been filed.  If Ealy's conviction is upheld, then he must take a further appeal to the Ohio Supreme Court to fully exhaust state court remedies.  Only then will this Court be able to exercise its habeas corpus jurisdiction.  *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).

The case should be dismissed rather than stayed because it was irregularly filed in a number of respects.  First of all, it purports to have been filed by Fidelito Joseph as next friend of Larry Ealy.  It is not signed under penalty of perjury as required by Habeas Rule 2(c)(5). Mr. Joseph did not pay the $5.00 filing fee, nor did he seek leave to file *in forma pauperis*.  This Court has no way of telling if Mr. Joseph was authorized to file on Mr. Ealy's behalf.  Prior to adoption of the AEDPA, there was no harm in filing multiplicitous habeas petitions, but since that time a defendant is entitled only to file once without permission of the court of appeals.  It would be inappropriate to count this case against Mr. Ealy when the Court has no idea whether he is in control of the litigation.

It is therefore respectfully recommended that the Petition be dismissed without prejudice for lack of jurisdiction.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

February 21, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).